UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
J.D. CARPENTER,

                Plaintiff,

-against-

CITY OF NEW YORK,

                Defendant.
---------------------------------------------------------------- X

09-CV-4524 (ARR)(LB)

NOT FOR PRINT OR ELECTRONIC PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

Pro se plaintiff, J.D. Carpenter, brought this action alleging that she suffered employment discrimination twice in 2006 and once more in 2008[1] in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") (Compl. at 1.) 29 U.S.C. §§ 621 et. seq. Defendant has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's complaint in its entirety (Mem. of Law in Supp. of Def.'s Mot. to Dismiss the Compl. ("Def.'s Mem.") at 1.) For the reasons stated below, defendant's motion is granted with regard to the 2006 claims and denied with regard to the 2008 claim.

## BACKGROUND

Plaintiff alleges that her applications to the Teaching Fellows program were thrice rejected by the defendant in violation of the ADEA because of plaintiff's age. (Compl. at 3-4.) The Teaching Fellows program is a highly selective recruitment initiative established by the

---

1 Plaintiff's complaint actually alleges that the third incident of discrimination occurred in 2009. (Compl. at 3.) This is likely a mistake, since it would mean that the last act of discrimination occurred after plaintiff filed a complaint with the Equal Employment Opportunity Commission. Regardless, whether the alleged discrimination occurred in 2008 or 2009 has no legal effect on any statute of limitations defenses raised by defendant.

1

New York City Department of Education to train people from various backgrounds to teach in some of New York City's neediest schools. (Def.'s Mem. at 2.) When plaintiff first applied to the Teaching Fellows program in 2006, she was 48 years old. (Compl. at 3.) To support her allegation that her application was rejected because of her age, plaintiff states in her complaint that a Teaching Fellows employee commented at one point that "we don't want anyone from the old days." (Compl. at 4.)

In pursuing this action, plaintiff filed a complaint with the EEOC on August 26, 2008. (Decl. of Megan Carpenter at Ex. A.) The EEOC in turn issued a Right to Sue letter, which it mailed to plaintiff on May 27, 2009. The record is not clear as to when plaintiff actually received the Right to Sue letter. In her complaint, plaintiff acknowledges receiving a Right to Sue letter in September, 2009 with the further qualification that what she received at that time was the "last corresp. from case worker." (Compl. at Attach. 1.) Moreover, plaintiff's handwritten notes on a copy of the Right to Sue letter, which is attached to plaintiff's complaint, are largely illegible. Further complicating the matter, in a signed affidavit, plaintiff classifies the paperwork she received in September, 2009 as "important information regarding my case" and not as a Right to Sue letter (Pl.'s Aff./Affirm. in Opp'n to Def.'s Mot. ¶ 3.)

Defendant moved on April 15, 2010 to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) on the grounds that (1) the complaint is barred by plaintiff's failure to commence her action within 90 days of receipt of a right-to-sue letter from the EEOC; (2) the complaint is barred by plaintiff's failure to file her charge of discrimination with the EEOC within 300 days of the alleged acts; and (3) plaintiff has named a non-suable entity as the defendant. (Def.'s Mem. at 1.)

2

## DISCUSSION

### I. Standard of Review

In adjudicating a motion to dismiss, the court assumes the truth of all factual allegations in the complaint and draws all reasonable inferences from those facts in favor of the plaintiff. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93-94 (2007); Global Network Commc'ns, Inc. v. City of N.Y., 458 F.3d 150, 154 (2d Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal quotation marks and alterations omitted). In a statute of limitations context, dismissal under Fed. R. 12(b)(6) is appropriate "only if a complaint clearly shows the claim is out of time." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999). The primary inquiry is not whether plaintiff will ultimately prevail, but whether her allegations are sufficient to permit her to support her claims with evidence. See Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995).

Additionally, "a document filed pro se must still be 'liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal proceedings drafted by lawyers.'" Newell v. New York City Dep't of Transp., 2010 WL 1936226, at *1 (E.D.N.Y. May 12, 2010) (quoting Boykin v. Keycorp, 521 F.3d 202, 214 (2d Cir. 2008)). "When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Weixel v. N.Y.C. Bd. Of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "Nevertheless, the [c]ourt is also aware that pro se

3

status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.C. Bd. Of Educ., 194 F. Supp. 2d 194, 202 (E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). For purposes of a motion to dismiss, a district court may consider any documents attached to the complaint or any statements incorporated by reference therein, see Cosmas v. Hassett, 886 F.2d 8, 13 (2d Cir. 1989), as well as documents that plaintiff either possessed or knew about and upon which she relied in bringing the suit, see Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991).

## II. For Purposes of a Motion to Dismiss, Plaintiff's Claims are Deemed Filed within 90 Days of Receiving a Right to Sue Letter

As stated in the Right to Sue letter attached to plaintiff's complaint, plaintiff had ninety days after receipt of the Right to Sue letter to file suit in federal court; otherwise, her complaint would be time-barred. (Compl. at Attach 1; Decl. of Megan Carpenter at Ex. B.) 29 U.S.C § 626(e); Holowecki v. Fed. Express Corp., 440 F.3d 558, 563 (2d Cir. 2006). The general rule is that a notice provided by a government agency is assumed to have been mailed on the date shown on the notice and received three days after its mailing. Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996). Under this rule, the Right to Sue letter would be assumed to have been mailed by the EEOC on May 27, 2009 and received by plaintiff on May 30, 2009. See id. According to these dates, plaintiff would be required to commence her action in federal court by August 28, 2009.

Contrary to defendant's assertions, however, the general rule from Sherlock is not applicable in this case. See Ruiz v. New York City Fire Dep't, 2001 WL 767009, at *2 (S.D.N.Y. July 9, 2001). In Sherlock, the complaint did not allege the date on which the plaintiff received the Right to Sue letter. Id. In cases where a complaint does allege this information,

courts in this circuit have held that the principle that all factual allegations in the complaint must be taken as true for the purposes of Rule 12(b)(6) motions applies. Newell v. New York City Dep't of Transp., 2010 WL 1936226, at *2 (E.D.N.Y. May 12, 2010). Therefore, when a plaintiff's complaint alleges that a Right to Sue letter was received more than three days after the mailing date and less than ninety days prior to filing in federal court, a court must deny a defendant's motion to dismiss for timeliness. Id. (quoting Ruiz, 2001 WL 767009, at *2).

In the case at bar, it is unclear from plaintiff's complaint whether plaintiff alleges that she did not receive the right to sue letter until September, 2009 or whether she alleges she received other "information regarding [her] case" at that time. However, "'the strongest argument[] that [plaintiff's complaint] suggests,'" Weixel v. N.Y.C. Bd. Of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting Cruz, 202 F.3d at 597), is that plaintiff did not receive the Right to Sue letter until September, 2009. Under these facts, the plaintiff's filing with this Court on October 8, 2009 would be well within the ninety day time limit. Because plaintiff is pro se, this Court is compelled to accept this version of the facts and therefore cannot at this time dismiss plaintiff's complaint as being filed with the court more than ninety days after her receipt of a Right to Sue letter from the EEOC. See Newell, 2010 WL 1936226, at *2 (quoting Ruiz, 2001 WL 767009, at *2).

### III. **Plaintiff's 2006 Claims are Time Barred because the Events Described Occurred More than 300 Days Prior to Plaintiff's Filing with the EEOC**

In New York, a plaintiff may not assert an ADEA claim based on events transpiring more than 300 days prior to the filing of her EEOC charge. See 29 U.S.C.A. § 626 (d) ("no civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Secretary. Such a charge shall be filed . . .

5

within 300 days after the alleged unlawful practice occurred."); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 328-29 (2d Cir. 1999). Plaintiff filed her EEOC charge on August 26, 2008 (Decl. of Megan Carpenter at Ex. A). Thus, plaintiff's ADEA claims are time-barred to the extent they rely on factual allegations prior to October 31, 2007 unless such allegations comprise a continuing violation extending beyond that date. See Morgan v. Nat'l R.R. Passenger Corp., 536 U.S. 101 at 110-12 (2002).

The continuing violation doctrine states that "if a plaintiff has experienced a 'continuous practice and policy of discrimination,' the statute of limitations will not begin to run 'until the last discriminatory act in furtherance of it.'" Alleva v. New York City Dep't of Investigation, 2010 WL 935363, at *6 (E.D.N.Y. March 12, 2010) (quoting Fitzgerald v. Henderson, 251 F.3d 345, 359 (2d Cir. 2001)). This doctrine has generally been limited to situations where a specific discriminatory policy or mechanism has been alleged. See Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996); Bailey v. Colgate-Palmolive Co., 2003 U.S. Dist. LEXIS 8175, at *25 (S.D.N.Y. May 13, 2003); see also Crosland v. City of New York, 140 F. Supp. 2d 300, 307 (S.D.N.Y. 2001) (stating that continuing violation doctrine generally "limited to situations where there are specific policies or mechanisms, such as discriminatory seniority lists or employment tests"). Thus, "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998) (internal quotations omitted).

In contrast with continuing violations, "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate

actionable 'unlawful employment practice.'" Morgan, 536 U.S. at 114. Under the ADEA, "the mere occurrence of one discrete act within the statutory time frame does not make any other discrete act that occurred beyond the time period timely." Raneri v. McCarey, 2010 WL 1982963, at *3 (S.D.N.Y. May, 13, 2010); see also Alleva, 2010 WL 935363, at *6. Thus, plaintiff can only file a charge based on discrete acts that occurred within the appropriate time period. See Morgan, 536 U.S. at 114-15. Plaintiff's claims all concern discrete acts of discrimination, as they allege defendant failed to hire plaintiff on three separate occasions because of her age. See id. at 114. Therefore, plaintiff's claims regarding defendant's actions in 2006 are dismissed, but her claim regarding discrimination in 2008 remains.

## IV. Plaintiff's Remaining Claim is Not Dismissed for Failure to Name a Suable Party

Defendant correctly asserts that organizational subdivisions of the City of New York are not suable entities. See New York City Charter § 396. All plaintiffs seeking to sue an agency of the City of New York must sue the City directly. See id. ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency . . . ."). The Teaching Fellows program is a recruitment initiative within the New York City Department of Education, which is a non-suable entity. See, e.g., Bailey v. New York City Police Dep't, 910 F. Supp. 116, 117 (E.D.N.Y. 1996) (holding that New York City Police Department and New York City Department of Corrections are non-suable agencies of the City of New York); Thompson v. Grey, 2009 WL 2707397, at *4 (E.D.N.Y. August 26, 2009) (stating that the Corporation Counsel of the City of New York is a non-suable agency of the City). It does not follow, however, that plaintiff's claim must be dismissed. See Alleva, 2010 WL 935363, at *1 n.2; Thomspon, 2009 WL 2707397, at *5.

7

"When 'claims are brought against non-suable entitities,' the [c]ourt may construe them 'as brought against the City of New York..'" Alleva, 2010 WL 935363, at *1 n.2 (quoting Thompson, 2009 WL 2707397, at *5). Thus, to the extent plaintiff has named the Teaching Fellows program as defendant, this Court construes her complaint as brought against the City of New York. Therefore, defendant's motion to dismiss plaintiff's complaint for failure to name a suable party as defendant is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion is granted as to plaintiff's 2006 claims. Defendant's motion with regard to plaintiff's 2008 claim is denied. The Clerk of Court is directed to amend the caption as reflected above.

SO ORDERED.

/s/
_____
Allyne R. Ross
United States District Judge

Dated: June 30, 2010
Brooklyn, New York

SERVICE LIST:

Plaintiff (pro se):
J.D. Carpenter
P.O. Box 54
Mt. Pocono, PA 18344

Defendant:
Megan Burrows Carpenter
Office of the Corporation Counsel
100 Church Street
New York, NY 10007


cc: Magistrate Judge Bloom