

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
J.D. CARPENTER,                                                    :    09-CV-4524 (ARR)
                                                                   :
                                        Plaintiff,                 :    NOT FOR ELECTRONIC
                                                                   :    OR PRINT PUBLICATION
        -against-                                                  :
                                                                   :    OPINION & ORDER
CITY OF NEW YORK,                                                  :
                                                                   :
                                        Defendant.                 :
                                                                   :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

On October 8, 2009, pro se plaintiff J.D. Carpenter filed a complaint in this court. In her complaint, plaintiff alleges that defendant City of New York discriminated against her on the basis of age when she applied to the Teaching Fellows program. Plaintiff's claims are brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. Presently before the court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, defendant's motion is granted.

## STANDARD OF REVIEW

A moving party deserves summary judgment if, "upon reviewing the evidence in the light most favorable to the non-movant, the court determines that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Richardson v. Selsky, 5 F.3d 616, 621 (2d Cir. 1993) (citations omitted); see Fed. R. Civ. P. 56(c). The function of the court is not to resolve disputed issues, but to determine whether there is a genuine issue to be tried. See Anderson v. Liberty, 477 U.S. 242, 249 (1986). In addressing a motion for summary judgment, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir.

1

1989) (citations omitted). Summary judgment should be granted "[o]nly when no reasonable trier of fact could find in favor of the non-moving party . . . ." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (citation omitted). The moving party bears the initial burden of demonstrating that no genuine factual dispute exists. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). If the movant successfully shoulders its initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250 (internal quotation marks omitted).

## **DISCUSSION**

In its motion for summary judgment, defendant contends that plaintiff's complaint is barred by the statute of limitations. Defendant asserts that plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on May 30, 2009 and that plaintiff had ninety-days from that date, until August 28, 2009, to file her complaint in this court. As plaintiff did not file her complaint until October 8, 2009, defendant argues that plaintiff's suit is time-barred. In response, plaintiff asserts that her complaint is not time-barred because (i) although she is unsure when she received the right-to-sue letter from the EEOC, she believes she received it in September 2009; (ii) she had ninety business days, as opposed to calendar days, to file her lawsuit; and (iii) the statute of limitations did not start running until she received correspondence from the EEOC identifying the district court in which she should file her complaint. The court agrees with defendant that plaintiff's complaint is time-barred.

"In order to be timely, a claim under . . . the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter." Sherlock v. Montefiore Medical Ctr., 84 F.3d 522, 525 (2d Cir. 1996) (citations omitted). "The requirement that a lawsuit be brought within 90 days of receiving a right to sue letter from [the] EEOC is treated like a statute of limitations."

Manley v. N.Y. City Police Dep't, No. 05-CV-679 (FB)(LB), 2005 U.S. Dist. LEXIS 24379, at *2 (E.D.N.Y. Oct. 18, 2005) (citations and internal quotation marks omitted; alteration in original). The ninety-day period is measured in calendar days, not business days. See Fed. R. Civ. P. 6(a); Manley, 2005 U.S. Dist. LEXIS 24379, at *10-*11. "In the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." Manley, 2005 U.S. Dist. LEXIS 24379, at *8 (citation and internal quotation marks omitted). "Courts will strictly enforce these deadlines even where the plaintiff is proceeding pro se." Id. (citations omitted).

To determine the date on which the ninety-day limitations period began to run, a court must establish the date on which a claimant received the right-to-sue letter from the EEOC. Courts presume that a claimant received a mailed document three days after its mailing. Sherlock, 84 F.3d at 525; see Fed. R. Civ. P. 6(d). "And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock, 84 F.3d at 526 (citation omitted). These presumptions, however, are rebuttable. Id. "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." Id. (citations omitted).

In this case, applying the presumption that plaintiff received the right-to-sue letter three days after the EEOC mailed it, plaintiff's complaint is barred by the statute of limitations. The right-to-sue letter from the EEOC is dated May 27, 2009 and the envelope addressed to plaintiff is postmarked that date. Feb. 23, 2011 Declaration of Megan Burrows Carpenter ("Burrows Carpenter Dec."), Dkt. No. 53-2, Exs. F-G. Thus, plaintiff is presumed to have received the

right-to-sue letter on May 30, 2009. That letter clearly indicates: "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost." Id. Ex. F (emphasis in original). August 28, 2009 is ninety days from May 30, 2009; thus, August 28, 2009 was the deadline for plaintiff to file a timely suit in this court. Plaintiff did not file her complaint until October 8, 2009. Her complaint therefore is time-barred, unless she has submitted sufficient evidence to rebut the presumption that she received the right-to-sue letter three days after the EEOC mailed it.

Plaintiff has failed to submit such evidence. At her deposition in this case, plaintiff testified that she "might have" received the right-to-sue letter in September 2009, because she does not always get her mail in a timely fashion. Dec. 9, 2010 Deposition of J.D. Carpenter, Dkt. No. 53-9, at 146-147. But other statements made by plaintiff during her deposition, and documentary evidence in the record, belie plaintiff's contention. Plaintiff testified that, following her receipt of the right-to-sue letter, she called the EEOC "because [she] knew [she] wanted to take [her case] in to the courts." Id. at 142. Plaintiff stated that she left a message with an individual at the EEOC, inquiring: "[S]ince you said to me that I can . . . sue, where do I go, what do I do." Id. Plaintiff testified that the individual at the EEOC did not call her back, but rather mailed her information. Id. Two documents in the record, both of which were produced by plaintiff, establish the timeframe in which plaintiff communicated with the EEOC following her receipt of the right-to-sue letter. First, the record contains plaintiff's personal calendar which includes a hand-written notation on June 9, 2009: "Call EEOC (NYC)." Burrows Carpenter Dec. Ex. H. Second, the record contains a June 18, 2009 letter from the EEOC to plaintiff (along with an envelope addressed to plaintiff postmarked that date). That letter

4

instructs plaintiff on how "to obtain the documents [she] requested" regarding her "closed charges." Id. Ex. I. Thus, based on plaintiff's testimony and the documentary evidence in the record, it is clear that plaintiff received the right-to-sue letter prior to June 18, 2009, not in September 2009 as she contends.

Plaintiff has failed to submit evidence sufficient to rebut the presumption that she received the right-to-sue letter three days after the EEOC mailed it. Accordingly, the court applies that presumption and holds that plaintiff's complaint is time-barred because she did not file it within ninety days of her receipt of the EEOC right-to-sue letter on May 30, 2009.[1]

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. The Clerk of Court is directed to enter judgment in favor of defendant.

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: May 24, 2011
Brooklyn, New York

---

[1] The court notes that plaintiff has failed to raise any argument that would justify equitable tolling of the statute of limitations in this instance. See Manley, 2005 U.S. Dist. LEXIS 24379, at *9-*11 (enumerating the circumstances under which equitable tolling is appropriate).

5

SERVICE LIST:

**Plaintiff:**
J.D. Carpenter
P.O. Box 54
Mt. Pocono, PA 18344